*319 The opinion of the Court was delivered by
Tilghman C. J.
On the trial of this ejectment, the Court of Common Pleas admitted evidence of what had been sworn by David Nelson, a witness examined on a former trial between the same parties, wherein the same matters were in issue. At the time of the trial, David Nelson was living in the state of Ohio. The counsel for William, and Robert Magill, the plaintiffs below, objected to the. evidence, and excepted to the opinion of the Court.
I do not find any express decision upon this point. In several treatises upon the law of evidence, and in several adjudged cases, it is said, in general, that evidence shall not be received of what was sworn by a witness at a former trial, unless it be proved that he is dead, or not to be found after diligent search. Peake's Evid. 58, 59. Phill. Evid. 199. Tilley's case, Salk.UBS. Benson v. Olive, 2 Str. 920. Inonecas® indeed, (Green v. Gatewick, Bull. N. P. 243. Phill. Evid. 199,) the evidence was admitted, the witness having been subposnaed and not appearing, and the Court having some reason to suspect, that he was kept away by the influence of the adverse party. To all these general rules there are exceptions, and the question is, whether the circumstances of the witness being out of the state, and consequently out of the jurisdiction of any Court of Pennsylvania, be good ground for an exception. Reasoning from analogy, we may derive light from cases which have been decided by this Court. In Clark v. Sanderson, 3 Binn. 192, we determined, that where the subscribing witness to an instrument of writing is out of the state, his hand-writing may be proved, although the general rule is, that if the witness be living, he must be examined. To preserve consistency of principle, it appears to me, that in the present instance we should consider the residence of the witness in the state of Ohio, the same thing as his death, for the purpose of letting in the evidence of what he swore on the former trial. It is true, that it might perhaps be more advantageous to the adverse party, to have him examined again. But that objection was equally forcible, in Clark v. Sanderson. If the subscribing witness had been examined, he might possibly have disclosed some fact material to the defendant. But the general convenience of admitting the secondary evidence prevailed with the Court. It is to be remembered, that it is in the power of *320 the adverse party, to prevent the secondary evidence, by sending a commission to examine the witness in the state where he resides. And if he will not do this, it will tend to ^ eas*er administration of justice, to admit proof of what the absent witness had sworn, on an occasion, where there was an opportunity of cross-examining him. If in this case, the depositiori of the witness had been taken on the former trial, it might undoubtedly have been read in evidence on this trial, by virtue of the “Act further to regulate proceedings in courts of justice,” passed 28th March, 1814. The act does not indeed extend to the case of a witness who had been examined viva voce; but if the deposition, and the examination in Court, are put upon the same footing, so far as regards the letting in of secondary evidence, the law will certainly be more simple and uniform. I am, therefore, of 'opinion, that the evidence was properly admitted.
There was another exception taken by the plaintiff to the opinion of the Court below, to understand which it will be necessary to state the nature of the titles, both of plaintiff and defendant.
[Here his Honour stated the titles.]
The reasons relied on by the defendant in error, for rejecting the evidence is, that a corporation can do no act but under their corporate seal; and that, before the congregation were incorporated, they could only act as a body, when assembled for purposes of business; and therefore an individual could neither say, or do, any thing to affect their rights. But this argument is by no means satisfactory. The evidence was offered, not for the purpose of proving the acts of an individual, but the acts of the congregation before they were incorporated, and of the corporation, afterwards. Both the congregation and the corporation must necessarily have transacted their business by means of agents. And with respect to the possession of this land, and its boundaries, the acts and declarations of the trustees and agents of the congregation, both before and after their incorporation, Would be powerful evidence. Besides, it does not appear but that William M1-Allis ter, if he had been examined, might have proved the very acts of the congregation, before their incorporation, when assembled on business. Other witnesses had been examined, in order to prove what passed at such meetings; and very properly. It does not appear clearly by the record, *321 what was the precise nature of the facts to be proved by McAllister. The expressions are, that the plaintiffs offered to prove by William McAllister, that the congregation did not claim the land in question, '¿Ac. which may be understood as referring either to the acts of the congregation itself when assembled, or of its trustees or agents. But either would have been evidence. The acts of an agent or trustee, within the bounds of his authority, must affect the principal. I am of opinion, therefore, that the evidence should have been received.
There was other evidence offered by the plaintiffs, not of the acts of the agents of the congregation, or of their declarations while transacting the business of the corporation; but of confessions made by them afterwards. This.evidence was rejected, and I think with good reason. An agent is authorised to act; therefore his acts, explained by his declarations during the time of action, are obligatory on his principal; but he has no authority to make confessions after he has acted, and therefore his principal is not bound by such confessions. Neither would the congregation be affected by the declaration of one of its members as to what had passed at a meeting of the congregation. This declaration would be but hearsay evidence. The facts respecting what passed at the meeting should be proved by the oath of some person who was present, unless they were reduced to writing, and then the writing itself would be the only,admissible evidence. I am of opinion on the whole, that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.