[PHILADELPHIA, JANUARY, 19, 1830.]

## HARLAN *against* STEWART, Administrator of STEWART.

### IN ERROR.

A rule to take the depositions of ancient, infirm, and going witnesses, may be granted, after an appeal has been taken from the decision of a justice of the peace, but before a transcript of his judgment has been filed in the Court of Common Pleas.

ON a writ of error to the Court of Common Pleas of *Philadelphia* county, it appeared that this action was originally brought before Justice LOUGHHEAD, by *David Stewart* against *Charles Harlan*, to recover the sum of thirty-five dollars. On the 22d *March*, 1826, the justice gave judgment for the plaintiff; on the 29th of the same month, the defendant appealed, and entered into the recognizance required by law. On the 30th of the following *May*, he filed a transcript of the judgment of the justice in the office of the prothonotary of the Court of Common Pleas. Prior to the filing of the transcript, viz. on the 19th of *April*, 1826, on motion of the plaintiff's attorney, and affidavit of special circumstances filed, the court granted a rule to take the depositions of ancient, infirm and going witnesses, on twenty-four hours' notice. Due notice was given to the defendant, that the deposition of *Freeman Latimer*, a witness for the plaintiff, would be taken before alderman Badger, on the 25th *April*, 1826, and at the appointed time, the deposition was taken by the plaintiff, *ex parte*, the defendant not attending.

On the trial in the Court of Common Pleas, the plaintiff, after having proved that a subpœna had issued for the witness, and that he was unable to attend, in consequence of illness, offered in evidence his deposition, taken before alderman *Badger*, as above mentioned. The defendant's counsel objected to its being read: but the court overruled the objection, and admitted the deposition, which was the error now assigned.

*Hopkins*, for the plaintiff in error, referred to the act of the 20th of *March*, 1810, sect. 4. *Purd. Dig.* 452. *Stotesbury* v. *Covenhoven*, 1 *Dall.* 164.

*Brewster*, *contra*, was stopped by the court.

The opinion of the court was delivered by

HUSTON, J.—On the 22d of *March*, 1826, Justice LOUGHHEAD gave judgment for *Stewart* against *Harlan*, the defendant below. On the 29th of *March*, the defendant appealed to the Common Pleas, and gave bail according to law, but did not file the appeal in the Common Pleas until 30th *May*, 1826, being the first day of the term next after the appeal.

On the 19th of *April*, the plaintiff carried a certified copy of the judgment of the justice, and of the appeal taken, into the Court of

(Harlan *v.* Stewart.)

Common Pleas, and an affidavit stating that a material witness was about to leave the state. A special rule to take depositions was granted: notice of taking the depositions was duly given, and the deposition regularly taken.

At the trial of the cause, the witness had returned to this country, and had been duly summoned to attend the trial, but, on proof that he was confined to bed by sickness, the deposition was offered, and received by the court.

Among the earliest of our reports, 1 *Dall.* 164, we find, under similar circumstances, a rule granted to take the deposition of a witness before the return of the writ. And again, in the same book, *p:* 251, this is recognised. If such were not the practice in a seaport, intolerable hardship and loss would be the consequence. By the fourth section of the act of 20th *March,* 1810, appeals are to be, in court, subject to the same rules as other actions. There is no good reason why we should disturb a practice of so long standing in that court. There is no error in the admission of this deposition on the facts stated.

Judgment affirmed.