## CLARK v. COCHRAN.

July 2, 1836.

*Rule to show cause why a new trial should not be granted.*

A cause is called for trial and the defendant applies for a continuance, on the ground of the absence of a material witness who is domiciled in a neighbouring state, who was *actually* resident there for three months after declaration filed, without any effort having been made by the defendant to procure his testimony, and who afterwards leaves that state, and is at the time of trial in a remote state, but expected to return to his domicil, so that his personal attendance may be had *voluntarily*, at the next court for jury trials: *Held*, the defendant has been guilty of *laches* in having made no effort to obtain the testimony of the witness, and the continuance will be refused.

THIS was an action brought to March term 1835, and the *narr.* was filed four days after the return day in May. The cause was tried on the 13th of May 1836.

When the cause was called for trial the defendant applied for a continuance, on grounds which appear in the following *affidavit* made and produced by him at the time of the application, viz. :

"William G. Cochran, defendant in this case, being duly sworn says, that Mark Wilson is a material witness for his defence, without whose attendance he cannot safely proceed to the trial of this cause. Said witness has been absent from Pennsylvania more than nine months. Deponent had a letter from him dated in December last from St Louis, Missouri, and believes that he is still in Missouri or in some part of the western country. From recent inquiries and previous information, deponent has reason to believe, and confidently expects that said Wilson will return in the ensuing summer to *New York*, where he *resides*, through this place. Whether in Philadelphia or in New York, defendant is certain that at his request said Wilson would attend at the trial of this cause, or attend for the purpose of having his deposition taken, as deponent might prefer, or as his counsel might advise. The first notice deponent had of said Wilson's absence, or

[Clark v. Cochran.]

intended absence from New York, was contained in said letter of December last from Missouri.   Deponent believes that the testimony of said witness can be had at the next session of this court for jury trials."

The judge refused the application for a continuance, ordered the cause on, and the verdict was for the plaintiff.   The defendant moved for a new trial, and assigned three reasons, the first of which (being the only one necessary to be noticed) was, "that the court compelled the defendant to proceed to trial after legal cause for continuance shown."

*H. J. Williams,* for plaintiff.
*Cadwalader,* for defendant.

The opinion of the Court was delivered by

STROUD, J.—Of the three reasons assigned for a new trial in this case, the *second* is founded on a misconception of fact, and the *third* has been abandoned.    The *first,* therefore, is the sole reliance of the defendant, and is thus stated:  "the court compelled the defendant to proceed to trial after legal cause for continuance shown." The *legal cause* referred to is to be extracted from the *affidavit* made and produced when the case was called on.

The materiality of the testimony of the absent witness is sworn to in the usual manner, as also the belief of the defendant that his testimony (not his presence) might be had at the next session of the court for jury trials.    These are the common places of every application of the kind, and though essential to its success are of themselves of no avail unless the party can acquit himself of *laches* in not procuring the witness or his testimony by deposition on the trial.

What then are the facts which bear upon this point?   1.  It is sworn that "the witness has been absent from Pennsylvania more than nine months."   The action was brought on the 16th of April 1835, by summons returnable on the first Monday of May ensuing. The declaration was filed within four days afterwards.   The defendant, therefore, was fully apprised from that time of the cause of action, and it was competent for him to take the deposition of the witness whilst he resided here, which appears to have been about four months after the issuing of the writ, as a *going* witness, upon the knowledge of his intention to remove to New York.   In Stotesbury v. Covenhoven, 1 *Dall.* 164, this was allowed to a defendant *before* the return of the

[Clark v. Cochran.]

writ, and a similar privilege has been from early times accorded even to the plaintiff. ——— v. Galbraith, 2 *Dall.* 78. Anon., 1 *Yeates* 404. Harlan v. Stewart, 2 *Rawle* 333. As the defendant has not ventured to swear that he was ignorant of the nature of the testimony of the witness whilst he resided here, nor that he effected his change of residence without his knowledge, he is, upon the principle that he must *discharge* himself of all *laches,* presumed to have been cognisant of both these facts in proper season, and therefore the application is brought fully within the decision of Davidson v. Brown, 4 *Binney* 243, where the supreme court held the party chargeable with *laches,* and that the cause had been rightly ordered on to trial. See also, King of Spain v. Oliver, *Peters's C. C. R.* 218.

This point was not adverted to when the application for a postponement of the cause was made, and it was not therefore the ground on which the *laches* of the defendant was then affirmed. It was stated orally by counsel at that time, as indeed is to be inferred from the *affidavit,* that the witness had removed from this city and settled in New York in August 1835, and that he continued in the latter place till sometime in November following—about three months. It was not pretended that any effort had been made during the whole of that period to obtain his testimony by commission or otherwise. On the contrary, the ground distinctly assumed in the trial and reiterated on the argument of the rule, was that no obligation rested on the defendant to procure his testimony at New York— that a party circumstanced like the defendant was justified in relying upon the expectation of inducing the personal attendance of a witness on the trial, if in *his* opinion this expectation was well founded, and of consequence, a disappointment in this particular constituted a *legal* cause for a continuance. The *affidavit,* in accordance with this assumption, states, "whether in Philadelphia or in New York, defendant is certain that at his request said Wilson would attend at the trial of this cause."

We have then this case. A material witness for the defendant, domiciled in a neighbouring state and *actually* resident there for three months subsequent to declaration filed, without any effort having been made to procure his testimony, afterwards leaves that state and is at the time of trial in a remote state, but expected, according to the belief of the party desiring his testimony, to return to his domicil so that his personal attendance may be *voluntarily* had at the next court for jury trials; and we are called upon to say that this exhibits a

[Clark v. Cochran.]

*legal* ground for the continuance of the cause against the will of the plaintiff.

The question is too plain to admit of a moment's doubt, and but for the earnestness with which it has been pressed by respectable counsel, we should consider it a waste of time to bestow a single remark upon it beyond a mere rejection.

The strength of the defendant's argument, according to the conception of his counsel, lies in the two positions : 1st. The preference of the common law for the *oral* examination of witnesses over *depositions* ; and 2d. The vicinity of the state in which the domicil of the witness happened to be, connected with the belief of the defendant, that the *voluntary* attendance of the witness might be had at the next court.

The superiority of the oral examination of the witness at bar, in comparison with every other mode of obtaining his testimony, is too well established to need observation.   Every day's experience in the trial of causes gives additional sanction to the wisdom of the common law usages in adopting it.   A change of the law in this particular could not be too much deprecated, or too firmly resisted, if any one so infected with the spirit of innovation as to suggest it could be found.   But when the domicil of the witness is not within the jurisdiction of the court, and his attendance therefore cannot be *compelled*, it would be a mockery of justice to decide that the rights of the opposite party should be kept in abeyance, until the experiment could be made, whether the influence of the other might not be adequate to effect the voluntary presence of the witness at an ensuing court.   This is precisely what was asked on the trial of this cause ; and this amplitude of concession has been re-asserted on the argument as a measure of legal right.   To have yielded it would have been to fly in the face of the constitutional injunction pointedly addressed to courts, " that right and justice shall be administered without delay ;" for the delay would have been without the shadow of law or reason to sustain it.

As to the circumstance of the witness being domiciled at New York, between which and this city the intercourse is so easy and frequent, it is plain that no practical reliance could be placed upon it.   A witness there is as much out of the jurisdiction of the court as if he were in Europe.   Where the only subscribing witness to a bond was traced to Baltimore, and from the evidence it might fairly be inferred that he was there at the time of the trial of a suit on the

[Clark v. Cochran.]

bond in the court of common pleas of Cumberland county, he was regarded as dead, because inaccessible to the process of the court, and secondary evidence of the execution of the bond admitted. This was sustained on error to the supreme court, although the very question of the proximity of Baltimore was relied on by counsel then, as it has been before us in the present case. "A general rule," says Yeates, J. "must be laid down as to witnesses residing in our sister states, however near or remote from the place of trial." And the foundation of the rule then established, and followed ever since, was separately and distinctly stated by each of the judges to be the residence of the witness without the jurisdiction of the court. This is a plain and rational test, eminently recommended by its practical convenience. Clark *v.* Sanderson, 3 *Binn.* 192. Upon the same principle, that a witness out of the jurisdiction of the court is to be regarded as dead, the evidence of a witness on a former trial between the same parties, who, at the time of the second trial, was a resident of another state, was permitted to be proved without any effort having been made to procure his testimony by commission. Magill *v.* Kauffman, 4 *Serg. & Rawle* 317.

Rule discharged.