Patons and Stewart agt. Westervelt.

## SUPERIOR COURT.

PATON AND PATON AND STEWART agt. WESTERVELT, late Sheriff.

Under the 5th article, title 3, chap. 8, 2 *R. S.* 398, which treats of proceedings to perpetuate testimony; it must be made to appear to the officer, before whom an application is made for the examination of witness, that the object is in good faith to *perpetuate* testimony.

*At Chambers, December 4th,* 1850.

CHARLES H. SMITH, *for Plaintiffs.*

N. BOWDITCH BLUNT, *for Defendant.*

CAMPBELL, Justice.—An application was made to one of the justices of this court for an order to examine certain witnesses on the part of the plaintiffs. The order was granted upon an affidavit setting forth that a suit was pending between the parties and at issue, and that the testimony of the witnesses was material and necessary.

On the return of the order the counsel of the defendant appeared before me and objected to such examination on the ground that the cause was at issue and ready for trial, and it did not appear that the witnesses were aged or infirm, or sick, or were about to leave the state. This was admitted by the plaintiff's counsel, but he insisted that under the 5th article, title 3d, chap. 8, 2 R. S. 398, he was entitled to the examination of the witnesses. The affidavit is sufficient under the provisions of that article to authorize the granting of the order and the party would be entitled to have the witnesses examined, provided that it was made to appear to the officer that the object was to *perpetuate* the testimony. That article treats of " proceedings to *perpetuate* testimony" and is a reenactment in part of the old law (1 *R. L.* 455), which provided a means for perpetuating testimony where the controversy related to real estate. It has been extended in the Revised Statutes to all controversies; but it is very evident from an examination of the whole title that it was not contemplated to apply to a case such as is before me, for the first article in the same chapter and title page 391, provides for " taking conditionally

the testimony of witnesses within this state." But under the first article it must appear either that the witness is about to depart from the state, or that he is so sick or infirm as to afford reasonable grounds for apprehension that he will not be able to attend the trial.

If the construction contended for by the plaintiffs be correct, then all the parties to the seven hundred causes at issue and ready for trial in this court may, upon affidavits simply that the testimony of the witnesses is material, be examined before a judge in advance of the trials, and he may be required to reduce all such testimony to writing.

And when this should be done the testimony could not be read upon the trials except upon proof of the death or insanity of the witness, or of his inability to attend such trial by reason of old age, sickness or settled infirmity.

I agree with the chancellor in the matter of Kips (1 *Paige*, 608), that " the officer must have some discretion and may require the party on whose application the examination is made, to explain the nature of the litigation so far as to enable him to judge whether such applicant is proceeding in good faith to *perpetuate* testimony against the adverse party, or is under that pretence only fishing for testimony to be used against the witness or for other purposes."

I must be satisfied in this case, before the examination can proceed, that the object is in good faith to *perpetuate* the testimony of these witnesses.

It certainly can not be for this object if it shall appear that the trial, which may be had at an early day, will necessarily determine the matters in difference between the parties, and that no subsequent or other suit between the parties, or between other parties, relating to the same subject matter, will be necessary.